# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 08-60274-CIV-ALTONAGA/Brown

**VIVIAN GENDERNALIK**, an Individual,

      Plaintiff,

vs.

**FRED HUNTER MEMORIAL
SERVICES, INC.**, a Florida corporation,

      Defendant.

_____/

## <u>ORDER</u>

**THIS CAUSE** came before the Court for a Fairness Hearing on December 17, 2008, on the

Court's Order Preliminarily Approving Settlement ("Preliminary Approval Order") [D.E. 38], issued

on July 1, 2008.  Plaintiff, Vivian Gendernalik, individually and on behalf of the proposed

Settlement Class[1] (the "Plaintiff" or "Settlement Class Representative"), and Defendant, Fred Hunter

Memorial Services, Inc. ("Fred Hunter"), jointly moved the Court for a final judgment approving the

Settlement Agreement and Release (the "Agreement" or "Settlement Agreement"), granting final

certification of this Class Action against Fred Hunter, appointing the Settlement Class Representative

and Settlement Class Counsel, and enjoining the prosecution of claims released pursuant to the

Settlement Agreement.  Settlement Class Members were notified of the Fairness Hearing and were

given an opportunity to appear and to voice objections to the Settlement Agreement.  Additionally,

Settlement Class Counsel has petitioned for an award of attorneys' fees and costs.  The Court makes

the following findings of fact for the purposes of the final settlement and disposition of this Class

Action:

---

[1] All defined terms used in this Order shall have the same meanings as set forth in the Settlement
Agreement [D.E. 36-2].  Some definitions, however, are repeated for clarity.

CASE NO. 08-60274-CIV-ALTONAGA/Brown

For the purposes of settlement only, the Settlement Class was preliminarily and conditionally certified pursuant to the Preliminary Approval Order.  The Settlement Class is so numerous that joinder of all members is impractical.  There are questions of law and fact common to the Settlement Class.  The claims of the Settlement Class Representative are typical of the claims of the Settlement Class.  The Settlement Class Representative has fairly and adequately represented and protected the interests of the Settlement Class.  Questions of law and fact common to members of the Settlement Class predominate over questions affecting individual members.  In the context of the settlement, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The Settlement Agreement is fair, adequate, and reasonable and in the best interests of the Settlement Class.

The Settlement Class has at all times, including during the negotiation of the Settlement Agreement and its presentation to the Court, been represented by competent counsel.  Settlement Class Counsel has recommended to the Court that the Settlement Agreement be approved. Settlement Class Counsel has exercised skill and experience in representing the Settlement Class.

The Notice has been provided to Putative Class Members in accordance with the Preliminary Settlement Approval.  The Notice provided, in the manner specified in accordance with Preliminary Settlement Approval, was reasonably calculated to inform Putative Class Members of the essential features of this Class Action.

Since the Notice provided to Putative Class Members provided the best notice practicable under the circumstances, it is fair and reasonable to make the Settlement Agreement binding on all Settlement Class Members who did not actually receive notice thereof.

CASE NO. 08-60274-CIV-ALTONAGA/Brown

As a condition of the Settlement, the Settlement Class Representative, on behalf of herself individually and of each of the Settlement Class Members, has agreed to release all claims arising under federal, state, or common law as specified in the Settlement Agreement.

All Persons who timely filed Opt-Out Forms in accordance with the procedures set out in the Notices and the Settlement Agreement are listed on Exhibit A to this Order.

Settlement Class Counsel has applied for an attorneys' fee award in the amount of $14,910, and the Court finds that payment of $14,910 as fees and expenses to be reasonable compensation for Settlement Class Counsel's work, which has resulted in a substantial benefit to the Settlement Class.

Settlement Class Counsel has requested that $1,000 be awarded to Settlement Class Representative as an incentive award. Based on the foregoing, it is

**ORDERED AND ADJUDGED** as follows**:**

1.     For purposes of this Final Judgment, the Court has jurisdiction over the subject matter of this Class Action and personal jurisdiction over the parties and each of the Settlement Class Members.

2.     The Court finds that the Settlement Class fully satisfies the relevant requirements of Rule 23. The Court preliminarily finds that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in this Class Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representative and Settlement Class Counsel fairly and adequately represent and protect the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the instant controversy.

3

CASE NO. 08-60274-CIV-ALTONAGA/Brown

3.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Class Action is hereby finally certified as a class action on behalf of a class consisting of:

> All persons who purchased funeral services from Fred Hunter at any Fred Hunter location during the period of February 27, 2007, through March 13, 2008, and did not pay for the services in full at the time of the agreement. The Settlement Class does not include those persons who timely and properly opt-out of the Settlement Agreement.

4.      The Settlement Agreement is approved as fair, adequate and reasonable to the Settlement Class.

5.      The Court finds that the Notice provided to Settlement Class Members was the only notice required, and that such Notice, including the right of a Settlement Class Member to opt out or object to the Settlement Agreement, as described in said Notice, satisfies the requirements of due process and all applicable laws.

6.      A judgment shall be entered, which shall dismiss with prejudice the claims of Settlement Class Representative and Settlement Class Members against Fred Hunter (the "Final Judgment"). Because there is no just reason for delay, the Court hereby directs that this order be entered as a final judgment on the dismissed claims pursuant to Rule 54(b) of the Federal rules of Civil Procedure.

7.      The terms of the Settlement Agreement and of this Final Judgment, including all exhibits and supplemental exhibits thereto, shall forever be binding on, shall have, as to all maters that were, or could have been, raised in this Class Action, *res judicata* (claim preclusive) effect and collateral estoppel (issue preclusion) effect in all pending and future lawsuits maintained by or on behalf of the Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns, and shall enjoin all Settlement Class Members from hereafter prosecuting

4

CASE NO. 08-60274-CIV-ALTONAGA/Brown

similar claims against any and all Released Parties, even if some Settlement Class Members never received the Class Notice.  All claims for damages of any kind on behalf of Settlement Class Members are hereby extinguished, except as provided for in the Settlement Agreement.

8.      The Settlement Administrator shall provide the benefits of the Settlement Agreement to Settlement Class Representative and the Settlement Class as provided for in the Settlement Agreement, and in accordance with the Notice.

9.      After entry of this Final Judgment, and without affecting its finality in any way, this Court hereby retains continuing jurisdiction over: (a) the construction, interpretation, implementation, and enforcement of the Settlement Agreement; (b) hearing and determining applications for attorneys' fees and expenses and an incentive award in this Class Action; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

10.     All Released Claims, as described in the Settlement Agreement, by or on behalf of any Settlement Class Member in any forum are hereby permanently enjoined, except as may be necessary in this Class Action only to implement the Settlement Agreement or comply with the terms of the Settlement Agreement.  Neither the Settlement Class Representative nor any Settlement Class Member, either directly, representatively, or in any other capacity, nor any person or entity allegedly action on behalf of Any Settlement Class Member, shall commence, continue, or prosecute against Fred Hunter, or against of the other Released Parties, any action or proceeding in any court, tribunal, or elsewhere, asserting any of the Released Claims.  This injunction has one exception: it shall not apply to individual claims of any Putative Class Member who timely excluded himself from this Class Action in a manner that complies with Paragraph 12 of the Preliminary Approval Order.  This

CASE NO. 08-60274-CIV-ALTONAGA/Brown

injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment, and the Court's flexibility and authority to effectuate the Settlement Agreement and to preserve this Final Judgment, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. §§ 165(a) and 2283.

11.     The Court expressly retains jurisdiction and will continue to retain jurisdiction in this Class Action so that it can enforce the Settlement Agreement and this Final Judgment by among other things, issuing injunctions in the appropriate instances against later actions filed in violation of the terms of the Settlement Agreement and this Court's Orders.

12.     The payment by Fred Hunter to Settlement Class Counsel of $14,910 for attorneys' fees, expenses, and costs is hereby approved.  Payment shall be made pursuant to the terms of the Settlement Agreement, payment being due and payable ten (10) days after entry of this Order.

13.     The payment by Fred Hunter to Settlement Class Representative of $1,000 is hereby approved.  Payment shall be made by Fred Hunter within ten (10) days after entry of this Order.

14.     The Settlement Administration in this Class Action shall be fully completed and closed no later than the Closing Date.  Within forty (40) calendar days after the Closing Date, Settling Defendant's Counsel shall file a motion with the Court to close the Settlement Administration and shall serve that motion on the Settlement Administrator, settlement Class Counsel, and any other persons who filed a pleading with the Court in this case.  When satisfied that the Class Administration should be closed, the Court will enter an order closing the same and discharging the Settlement Administrator and Settlement Class Counsel.

15.     In the event that the Settlement Agreement does not become effective, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the

6

CASE NO. 08-60274-CIV-ALTONAGA/Brown

Settlement Agreement and shall be vacated and, in such event, all orders entered and releases

delivered in connection herewith shall be null and void to the extent provided by and in accordance

with the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of December, 2008.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record